ESSEX COUNTY COURT OF COMMON PLEAS.

VINCENT BORZI, PETITIONER-APPELLANT, v. J. RICH
STEERS, RESPONDENT-APPELLEE.

Decided July 15, 1936.

For the petitioner-appellant, *Sanford M. Kirsch*.

For the respondent-appellant, *Cox & Walburg*.

BRENNAN, C. P. J.   This is an appeal from a finding and
determination in favor of the respondent-appellee, had before
the workmen's compensation bureau.   The cause before the
bureau was on a petition for a finding of increased disability.
There are not any of the ordinary questions which frequently
arise in cases of this character.   It is admitted that the acci-
dent which petitioner-appellant suffered originally arose out
of and in the course of his employment and that at the hear-
ing an award was made of seven and one-half per cent. of
total permanent disability.   The only question before the
referee at the time of the hearing on February 28th, 1935,
was whether or not there had been any increase in disability
since January 26th, 1934.   There was offered on the whole
question, the testimony of the petitioner himself, the testi-
mony of Dr. Ralph H. Sulsberg and the testimony of Dr.
James H. Trainor.   The testimony of these three witnesses
constituted the petitioner's case.   There was offered on the
respondent's behalf, the testimony of Dr. Roy H. Fowler.
The oral testimony of these several witnesses constitutes the
whole field of proof.   It is significant to me to observe that

the testimony of Dr. Sulsberg and Dr. Trainor is directed only to the result of their respective examinations a considerable time after the accident. Dr. Sulsberg did not examine the petitioner until April of 1934; three months after the hearing at which seven and one-half per cent. of total permanent disability had been allowed. Dr. Trainor did not examine apparently, until February 26th, 1935, some two days before the hearing on the petition for increased disability. Dr. Fowler saw the petitioner on the date of his original accident on October 4th, 1932, treated him until his discharge on December 29th, 1932, and saw him again on October 24th, 1934, a few months before the hearing on the petition for increased disability. *He was the only physician who was competent to testify as to the condition of the patient as of the time or about the time of the filing of the petition for increased disability as compared with his condition as of the time of the happening of the accident.* His testimony was to the effect that there had been no increase in disability over that period. The testimony of Dr. Sulsberg was to the effect that the petitioner was suffering from what he described as a twenty-five per cent. functional loss. The testimony of Dr. Trainor who had examined for the purpose of testifying apparently, was that the petitioner was the victim of a fifteen per cent. functional loss.

It is conceivable, if not likely, that the referee in arriving at his conclusion, chose to adopt the medical viewpoint of Dr. Fowler, who had attended the petitioner at the beginning and he had, of course, such prerogative as a trier of the facts. Unless the judgment or verdict of an inferior tribunal is the product of passion, partiality, prejudice or mistake, it should not be set aside and will not be by this tribunal. See *Boesch* v. *Kick, 97 N. J. L.* 92; 116 *Atl. Rep.* 796, and *Salgado* v. *Central Dye Stuff and Chemical Co., 2 N. J. Mis. R.* 1039.

The finding and determination of the referee is affirmed. Submit determination in accordance with these views, and in accordance with the rules of this court.